

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sam J. Hamilton
District Attorney
100th Judicial District
Memphis, Texas

Dear Sir:

Opinion No. O-6674
Re: The commissioners' Court
cannot establish election
precincts in the county
which apply only to spe-
cial elections.

      We have given careful consideration to your letter
of June 26, 1945, which reads as follows:

      "I am in receipt of a letter from Hon. M. O.
Goodpasture, County Judge of Hall County, Texas,
asking for an opinion on the question of whether
or not the Commissioners' Court can, by an order
duly passed by it under Article 2933 R.C.S., set
up four election precincts for the special elec-
tions to be held on August 25, 1945 and November 7,
1946 on Constitutional Amendments. The question
is, can the Commissioners Court set up the four
election precincts for the special elections only
and continue the election precincts heretofore es-
tablished for the Commissioners Court for all other
elections? I am enclosing Judge Goodpasture's
letter to me, for your consideration in connection
with the question here submitted."

      Article 2933 of the Revised Statutes provides specifi-
ally that the commissioners' court at each August Term shall
divide their counties into convenient election precincts, and
after same are so established publish them in some newspaper for
three weeks in the county. The last sentence of said statute
reads:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"No election precinct shall be formed out of two or more justice precincts nor out of the towns of two or more justice precincts."

In the case of Hogg v. Campbell, 48 S.W. (2d) 515, the court specifically held that the commissioners' court could not combine any portion of two or more justice precincts in one and the same election voting box. Under the above statute, the commissioners' courts are required to have as many voting boxes as they have justice of the peace precincts. The commissioners' court can provide for as many voting precincts in the county as they deem expedient.

Article 2938 of the Revised Statutes provides in the last paragraph that except in general elections, local option elections and primary elections the officers to be appointed by the commissioners' court to hold such elections shall be a presiding judge and one assistant judge and two clerks.

Article 2933 of the Revised Statutes provides that the election precincts as formed by the commissioners' court shall before the first day of each September be certified to the tax collector of that county.

It is thus evident that the commissioners' court cannot form new precincts for voting purposes after same have been provided for in August, and certified to the tax collector. Otherwise, it would create untold confusion and would not give the tax collector an opportunity to list the voters by or in voting precincts.

If the commissioners' court in their August meetings desire to divide their county into voting precincts, it can do so and establish one voting precinct for each justice precinct. They cannot reduce the number below the number of justice precincts. When so fixed and certified to the tax collector, the boundaries of the voting precincts cannot thereafter be changed, until the following August. During said year, in all elections, either special or general, the voters in the respective voting precincts as fixed by the commissioners' court would be entitled to vote only in their respective precincts.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB:db

OPINION COMMITTEE
BY
CHAIRMAN